## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KELLI FAIRCHILD** | ) | |
| 118 Winding Brook Drive | ) | Civil Action No. |
| Lumberton, TX 77657 | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **COMPLAINT** |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL DEMAND** |
| **UNITED MEDICAL PROVIDERS ("UMP"),** | ) | |
| 8010 Crowder Blvd. | ) | |
| New Orleans, Louisiana 70127, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, for UMP to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Kelli Fairchild ("Fairchild"), who was adversely affected by such practices. As alleged with greater particularity below, Kelli Fairchild ("Plaintiff" or "Fairchild"), alleges that Defendant United Medical Providers ("Defendant" or "UMP") unlawfully discriminated against her by discharging her because of her actual and perceived disability (brain tumor), in violation of the ADA.

### JURISDICTION AND VENUE

1.        Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1367. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of

1

the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

PARTIES

3. Plaintiff, Kelli Fairchild ("Fairchild"), is an individual that is a citizen of the County of Hardin, State of Texas.

4. At all relevant times, Plaintiff was an employee of Defendant pursuant to Section 101(4) of the ADA, 42 U.S.C. § 12111(4).

5. Defendant, United Medical Providers, Inc., ("UMP"), a Louisiana Company doing business in the State of Louisiana, Parish of Orleans, who may be served through its Registered Agent, David J. Wills, 8010 Crowder Blvd., New Orleans, Louisiana 70127.

6. At all relevant times, Defendant has continuously been a corporation doing business in the State of Louisiana with at least fifteen (15) employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

ADMINISTRATIVE PROCEDURES

9. More than thirty days prior to the institution of this lawsuit, Fairchild filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of

Title I of the ADA by Defendant UMP.

10.     Plaintiff timely filed a charge of discrimination against defendant with the EEOC on July 2, 2018.

11.     On February 21, 2019, EEOC issued a Notice of Right to Sue. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached hereto as Exhibit 1.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13.     At all relevant times, Fairchild was an individual with an actual disability and a perceived disability as defined by the statute.

14.     Fairchild has a benign brain tumor (Meningioma), which substantially limits the major bodily function of normal cell growth.

15.     At all relevant times, Fairchild was qualified to perform the essential functions of the job.

16.     In May 2017, Defendant hired Fairchild as a Territory Manager.

17.     In July 2017, Fairchild informed her supervisor, David Wills, that she had a benign brain tumor (Meningioma), which would require surgical removal in August 2017 with approximately six (6) weeks of recovery time.

18.     Fairchild did not request an accommodation and explained that following recovery, the treatment would not impact her ability to perform her job.

19.     Upon information and belief, shortly thereafter, David Wills and/or Karl Schutzmann expressed concerns to Fairchild 's colleagues that Fairchild would not be able to perform her job because of her medical condition.

3

20.     Throughout her tenure, Fairchild performed her job well and enjoyed positive feedback about her performance from her supervisors.

21.     On or around September 12, 2017, less than one month following her surgery, and about two months after Fairchild disclosed her tumor, Defendant discharged Fairchild.

22.     Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) beginning in or around September 2017 when it discharged Fairchild because of her actual and/or perceived disability.

23.     The effect of the practices complained of above has been to deprive Fairchild, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

24.     The effect of the practices complained of above has been to deprive Fairchild, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life.

25.     The unlawful employment practices complained of above were intentional.

26.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Fairchild.

27.     Defendant engaged in unlawful employment practices in violation of Louisiana State statutes (Louisiana Employment Discrimination Law) which prohibits discrimination in the workplace, including, La. R.S. 23:301 et seq., La. R.S. 23:322, and La. R.S. 23:323, all of which are based upon the same facts that form the basis of the Plaintiff's Complaint.

<u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiff respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.      Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.      Order Defendant to make whole Fairchild by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and reinstatement;

D.      Order Defendant to make whole Fairchild by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, loss of employment, loss of past, present and future income, loss of retirement benefits, loss of health benefits and insurability, all amounts to be determined at trial;

E.      Order Defendant to make whole Fairchild by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Fairchild punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G.      Order Defendant to sign and conspicuously post, for a designated period of

time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

      H.     Grant such further relief as the Court deems necessary and proper in the public interest; and

      I.     Award Plaintiff reasonable attorney fees, together with costs and litigation expenses in bring this action, recoverable per La. R.S. 23:303(A) and 42 U.S.C. §12205.

**JURY TRIAL DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

_/s/ Ross A. Ledet_____
KRISTE TALTON UTLEY (#25268)
ROSS A. LEDET (#33238)
BOYKIN & UTLEY
A Professional Law Corporation
400 Poydras Street, Suite 1540
New Orleans, Louisiana 70130
Telephone: (504) 527-5450
Facsimile: (504) 527-5436

*ATTORNEYS FOR PLAINTIFF,*
*KELLI FAIRCHILD*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KELLI FAIRCHILD**<br>**Plaintiff,** | * | **CASE NO.:** |
| | * | |
| | * | |
| | * | **JUDGE:** |
| **vs.** | * | |
| | * | |
| **UNITED MEDICAL PROVIDERS ("UMP"),** | * | **MAGISTRATE JUDGE:** |
| **Defendant** | * | |

**********************************************************************

## VERIFICATION OF COMPLAINT

**STATE OF TEXAS**

**COUNTY OF HARDIN**

BEFORE ME, the undersigned Notary Public, personally came and appeared:

### KELLI FAIRCHILD

who being first duly sworn, did depose and state:

The she has read the attached Complaint and that all of the allegations of fact contained in it are true and correct to the best of her knowledge.

_____
Kelli Fairchild

**Sworn to and Subscribed Before Me**
**this 11th day of March, 2019.**

_____
**NOTARY PUBLIC**

PAMELA JEAN MOUTON
My Notary ID # 3531182
Expires June 28, 2022

7